UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH J. WATSON,

                     Petitioner,

      -against-

PEOPLE OF THE STATE OF NEW YORK;
ATTORNEY GENERAL LETITIA JAMES,

                  Respondents.

26-CV-0574 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

On January 21, 2026, Petitioner, who provides an address for himself in Brooklyn, New York, and is proceeding *pro se*, filed a pleading commencing this action that he styles as a "Final Judgment Pursuant to Motion for Relief From FED.R.CIV.P. 60(b)(1)(2)(3)(4)(6) Notice." (ECF No. 1.) In the pleading, Petitioner appears to attack the validity of his 2004 conviction for grand larceny and criminal possession of stolen property in New York State Supreme Court, New York County. Because Petitioner seeks to undermine and vacate his 2004 conviction in state court, the Court liberally construes the pleading as a *habeas corpus* petition under 28 U.S.C. § 2254. The Court transfers this action to the United States Court of Appeals for the Second Circuit for the reason set forth below.

Petitioner seeks to challenge the legality of his October 27, 2004 state-court conviction. This court's records show that Petitioner filed a previous application for relief under Section 2254 challenging the same conviction. *See Watson v. People of the State of New York*, No. 19-CV-0707 (LJL), 2020 WL 7773477 (S.D.N.Y. Dec. 30, 2020), *relief under Rule 60(b) denied*, No. 19-CV-0707 (LJL) (S.D.N.Y. Feb. 1, 2021), *appeal withdrawn*, No. 21-404 (2d Cir. Oct. 14, 2021), *relief under Rule 60(b) denied*, No. 19-CV-0707 (LJL) (S.D.N.Y. Nov. 1, 2021).

As background, before Petitioner filed his 2019 *habeas corpus* petition under Section 2254, he filed at least four Section 2254 petitions that were dismissed as premature because he had not exhausted his state-court remedies. *See Watson v. Bezio*, No. 11-CV-3591 (PGG), 2012 WL 2389753, at *1 (S.D.N.Y. June 25, 2012); *Watson v. Vance,* No. 10-CV-9001 (NRB) (S.D.N.Y. Mar. 15, 2011); *Watson v. LeClair*, No. 09-CV-4870 (KMW) (S.D.N.Y. May 26, 2009); *Watson v. Annetts*, No. 05-CV-1822 (MBM) (S.D.N.Y. Mar. 25, 2005). In the most recent of those *habeas corpus* actions, Judge Gardephe ruled that "prior to filing any new petition for a writ of *habeas corpus*, Watson will be required to obtain permission from the Court and submit documentation that he has perfected his direct appeal." *Watson*, 2012 WL 2389753, at *1.

Subsequently, in *Watson*, No. 19-CV-0707, Petitioner attempted to comply with Judge Gardephe's filing injunction and informed the court that the New York State Appellate Division, First Department, "denied his motion for enlargement of time to perfect his appeal and granted the state's cross motion to dismiss the appeal." 2019 WL 6117711, at *1 (footnote omitted). Accordingly, the court in that action noted that Petitioner's Section 2254 grounds for relief "must be deemed procedurally barred." *Id*. at *2. The court nevertheless granted Petitioner leave to file a Section 2254 petition. *See id*. ("Because Petitioner may now be procedurally barred from presenting his grounds for relief to the state courts, he can no longer comply with the July 25, 2012 [filing injunction]. . .  As no purpose would be served by requiring Petitioner to return to state court to attempt to exhaust claims that are procedurally barred, the Court grants him permission to file a petition within 60 days."). In the same order, the court noted that in his petition, Petitioner "must show that he meets the 'in custody' requirement" of Section 2254. *Id*.

Petitioner subsequently filed a pleading that the court construed as a Section 2254 petition. By order dated December 30, 2020, the court dismissed the petition. It noted that

2

Petitioner had been discharged from parole in 2019 and therefore was not "in custody" for Section 2254 purposes. The court also again noted that Petitioner's grounds for relief appeared to be procedurally barred. 2020 WL 7773477, *1-2.

Before a second or successive Section 2254 *habeas* petition is filed in the district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A). A petitioner's previous application for relief under Section 2254 is "second or successive" when a court decides it on the merits. *See Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002). In *Watson*, No. 19-CV-0707, the court dismissed the petition on grounds that Petitioner was not "in custody," while also noting that Petitioner's grounds for relief appeared to be procedurally barred. 2019 WL 6117711, at *1. It is not clear whether this dismissal was on the merits, and consequently, whether this is a second and successive Section 2254 petition. The Court therefore transfers this action, in the interests of justice, to the United States Court of Appeals for the Second Circuit, for a determination of whether Petitioner requires authorization to proceed with his Section 2254 petition.[1]

## CONCLUSION

In the interest of justice, the Court transfers the petition to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; *see also Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996) (per curiam). This order closes this case in this court. If the Court of

---

[1] Any motion to the Court of Appeals must show that: (A) the claim being raised by the petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or (B) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(i)-(ii).

Appeals authorizes Petitioner to proceed in this matter, he shall move to reopen this case under this civil docket number.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 23, 2026
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge