UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH J. WATSON,

                Petitioner,

-against-

PEOPLE OF THE STATE OF NEW YORK;
ATTORNEY GENERAL LETITIA JAMES,

                Respondents.

26-CV-0574 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated January 23, 2026, this action was transferred to the Court of Appeals for the Second Circuit as a successive petition. As described in fuller detail below, the Court of Appeals held that the claims were not successive but declined to transfer the *habeas corpus* action back to this court because Petitioner was not in custody under the challenged judgment of conviction. On May 21, 2026, Petitioner submitted a new petition for a writ of *habeas corpus* and an application to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, which were both docketed in this action. Because the application should have been opened as a new action, the Clerk of Court is directed to docket the *habeas corpus* petition and IFP application as a new action.

## DISCUSSION

On January 21, 2026, Petitioner, who provides a residential address for himself in Brooklyn, New York, and is proceeding *pro se*, commenced this action with a pleading that he styled as as a "Final Judgment Pursuant to Motion for Relief From FED.R.CIV.P. 60(b)(1)(2)(3)(4)(6) Notice." (ECF No. 1.) In the pleading, Petitioner attacked the validity of his 2004 conviction for grand larceny and criminal possession of stolen property in New York State Supreme Court, New York County. Because Petitioner sought to undermine and vacate his 2004

conviction in state court, the Court liberally construed the pleading as a *habeas corpus* petition under 28 U.S.C. § 2254.

Upon examination, this court's records showed that Petitioner had previously filed applications for relief under Section 2254 challenging the same conviction, including one in which the court dismissed the petition on the grounds that Petitioner was no longer "in custody." *See Watson v. People of the State of New York*, No. 19-CV-0707 (LJL), 2020 WL 7773477, *1-2 (S.D.N.Y. Dec. 30, 2020). Because it was not immediately clear whether that adjudication was on the merits, by order dated January 23, 2026, this Court transferred this action, in the interest of justice, to the Second Circuit "for a determination of whether Petitioner requires authorization to proceed with his Section 2254 petition," if it were deemed to be second and successive. (ECF No. 4, at 3.) The order also explained that this action in the district court was closed. (*Id.*)

By order dated April 13, 2026 and mandate issued May 5, 2026, the Second Circuit denied Petitioner's application to file a second and successive petition as "unnecessary," explaining that Petitioner's "proposed § 2254 claims are not successive because his previous petitions were not 'decided on the merits.'" (ECF No. 6, at 2.) Critically, however, the Second Circuit "decline[d] . . . to transfer the matter to the district court," reasoning that "the district court would lack jurisdiction over Petitioner's claims because he does not satisfy the 'in custody' requirement of 28 U.S.C. § 2254." (*Id.*) Thus, the Second Circuit did not return Petitioner's *habeas corpus* action to this court.

Nevertheless, on May 21, 2026, Petitioner filed in this court, under the docket number of this closed action, another petition for a writ of *habeas corpus* under Section 2254 and an IFP application. (ECF Nos. 7, 8.) Because the Second Circuit declined to transfer this *habeas corpus* action to the district court, this court is without jurisdiction to adjudicate or otherwise consider

Petitioner's submissions. However, in order to allow this court to evaluate Petitioner's latest *habeas corpus* petition and IFP application, the Court directs the Clerk of Court to docket his *habeas corpus* petition and IFP application as a new action. Once the Clerk's Office opens the new action, the Court will review the petition and IFP application consistent with the procedures of the Clerk's Office.

## CONCLUSION

The Clerk of Court is directed to docket Plaintiff's *habeas corpus* petition (ECF No. 7), and IFP application (ECF No. 8) as a new civil action under 28 U.S.C. § 2254. The Clerk of Court is further directed to docket this order in the new civil action, as well.

This action, under the above-captioned docket number, remains closed in this court.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    June 1, 2026
          New York, New York

/s/ Laura Taylor Swain

LAURA TAYLOR SWAIN
Chief United States District Judge

3